The Honorable Marsha J. Pechman

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ABDUL G. MALIK,<br><br>              Plaintiff,<br><br>    v.<br><br>UNIFUND CCR PARTNERS, et al.,<br><br>              Defendants. | Case No. C09-1389 MJP<br><br>**ORDER DENYING DEFENDANTS' MOTION ON THE PLEADINGS** |

This matter comes before the Court on Defendant Unifund CCR Partner's ("Unifund") motion for judgment on the pleadings that Defendant Suttell & Associates, P.S. ("Suttell") joins, and Suttell's additional motion for judgment on the pleadings. (Dkt. Nos. 12, 13.) Having reviewed the motions, Abdul Malik's ("Plaintiff") response (Dkt. No. 19), the replies (Dkt. No. 24, 26), and all papers filed in support thereof, the Court DENIES the motions. The Court finds this matter suitable for decision without oral argument.

**Background**

Abdul Malik alleges that Defendants improperly garnished his wages for a debt he does not owe and failed to provide him with adequate notice of certain legal actions. A 67-year-old security guard, Mr. Malik was born in Pakistan and moved to the United States in 1991.

(Complaint ¶¶ 6-7.) He became a United States citizen in 1999. (Id. ¶ 6.) Prior to the events described below, he had never been a party to a lawsuit. (Id. ¶ 9.)

On June 7, 2006, Unifund filed a complaint in King County Superior Court seeking to collect a debt of $6,171.78 from a Key Classic account assigned to a person named Abdul Malik. (Id. ¶ 10; Williams Decl. ¶ 2.) Plaintiff disavows ever possessing an account with Key Classic, an assertion with which Key Classic allegedly agrees. (Compl. ¶ 8.) Plaintiff alleges that Defendants did not possess any information linking Plaintiff to the debt. (Id. ¶ 15.) Plaintiff also alleges that he was never served with the summons and complaint filed by Unifund against him. (Id. ¶ 11.)

On June 30, 2006, Unifund moved for and obtained a default judgment against Plaintiff. (Compl. ¶ 18.) On July 14, 2006, Unifund filed a declaration of garnishment and writ of garnishment. (Id. ¶ 19.) Plaintiff alleges that he did not receive notice of the garnishment until his wages began to be garnished in September 2006. (Id. ¶¶ 20-21; Malik Decl. ¶ 3.) In September 2006, Plaintiff alleges that he contacted Defendants to explain that he did not owe any money to Key Classic or Unifund. (Compl. ¶ 23.) Plaintiff believed that this resolved the matter, as garnishments ceased. (Id. ¶ 24.) However, nearly one year later on July 16, 2007, Defendants filed a second writ of garnishment without notice required by RCW 6.27.130. (Id. ¶¶ 25-26.) Plaintiff alleges that Defendants waited a year to file the second writ of garnishment to increase the interest then owed on the Key Classic debt. (Id. ¶ 29.)

Again faced with garnishment of his wages, Plaintiff beseeched Defendants to cease the allegedly incorrect and improper garnishments. (Id. ¶¶ 30-32.) His attempts to contact Suttell, Unifund's collection agent, were allegedly ignored. The garnishments continued. (Id. ¶ 33.) Defendants filed a third declaration for garnishment on February 11, 2008 and garnished Plaintiff's wages from March 14, 2008 to May 23, 2008. (Id. ¶¶ 33-34.)

On June 17, 2008, Plaintiff filed a motion in Superior Court to show cause why the judgment should not be vacated. (Compl. ¶ 35.) He filed a declaration asserting that he had

1    not been given proper notice of the collection action and that the debt was not his. (Id.) At a

2    hearing on the motion, Plaintiff submitted a letter from Mary Schwartz, a Key Bank Manager,

3    stating that "no record of Abdul G. Malik was located in their records" as to the Key Classic

4    account. (Id. ¶ 36.) The court denied the motion for lack of timeliness. (Id. ¶ 37.) Plaintiff

5    filed an appeal with the Washington Court of Appeals, which remains pending. (Id. ¶ 38.)

6    Plaintiff's wages were again garnished after Defendants filed two more writs of garnishment

7    on August 13, 2008 and June 8, 2009. (Id. ¶¶ 39-42.)

         Separately and unaided by counsel, Plaintiff commenced a small claim action against Isaac Hammer and Suttell in King County District Court on April 11, 2008. (Dkt. No. 12 at 32-33.) He did so after an attorney at a neighborhood legal clinic recommended he pursue such an action. (Malik Decl. ¶ 10.) Plaintiff sought $4,000 in lost wages, and described the nature of his claim as "lost wages and failure to respond to requests." (Dkt. No. 12 at 32.) On May 28, 2008, Mr. Hammer filed a counterclaim for lost earnings, claiming $1,000. (Id. at 35.) Plaintiff alleges that because he could not obtain a court-required interpreter, he filed a notice of voluntarily dismissal with prejudice on July 30, 2008. (Malik Decl. ¶ 10; Dkt. No. 13 at 6.)

         The Court of Appeals requested pro bono counsel to assist Plaintiff in his appeal, and his current counsel was appointed on September 2, 2009. (Williams Decl. ¶ 21.) On September 11, 2009, Plaintiff filed the present action in King County Superior Court, in which he alleges that Defendants: (1) violated the Washington Consumer Protection Act ("CPA"); (2) violated the Fair Debt Collection Practices Act ("FDCPA"); (3) abused the legal process; (4) intentionally inflected emotional distress; and (5) negligently inflicted emotional distress. (Compl. ¶¶ 45-79.) Plaintiff seeks injunctive relief barring Defendants from garnishing his wages and requiring them to correct "any derogatory information about Plaintiff provided to any credit rating agency." (Id. ¶ A.) Plaintiff also seeks damages and attorneys' fees. (Id. ¶¶ B-E.)

Defendants removed the case to this Court on October 1, 2009. (Dkt. No. 1). They now seek dismissal of Plaintiff's complaint on the basis that: (1) his state law claims are barred by res judicata, and (2) his FDCPA claim is barred by the statute of limitations. (Dkt. No. 12.) Defendants alternatively request the Court stay the proceedings under the Colorado River doctrine. (Id.)

**Analysis**

A.   Standard

On a motion for judgment on the pleadings pursuant to Rule 12(c), "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990). Judgment is proper when there are no material issues of fact to be resolved and the moving party has established a clear entitlement to relief. Id. "Judgment may only be granted when the pleadings show that it is beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd., 132 F.3d 526, 529 (9th Cir. 1997) (citation and quotation omitted).

Plaintiff contends that Defendants rely on matters outside the pleadings, converting the motion into one for summary judgment. (Dkt. No. 19 at 22-23); see Fed. R. Civ. P. 12(d). Defendants submitted six court filings from the collection and small claims actions. (Dkt. Nos. 12 at 21-37, 13 at 5-6.) The Court may and does take judicial notice of these court filings which are referred to and/or relate to the Complaint, without converting the motion into a summary judgment. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (noting that a court may "matters of judicial notice . . . without converting the motion to dismiss into a motion for summary judgment"); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (the court "may take judicial notice of court filings and other matters of public record . . .").

B.   Res Judicata

Unifund argues that the default judgment entered in the collection action bars Plaintiff's state law claims under the doctrine of res judicata. (Dkt. No. 12 at 8-11.) Unifund also contends that Plaintiff's state law claims were compulsory counterclaims to the collection action that are now barred. (Dkt. No. 12 at 12-14.) Suttell incorporates these arguments, and argues Plaintiff's small claims case provides another reason to apply res judicata. (Dkt. No. 13 at 2-3.) Plaintiff responds that: (1) the state court judgment should not be afforded full faith and credit, and (2) the lack of identity between the claims renders res judicata inapplicable. (Dkt. No. 19 at 15-20.)

Res judicata applies when "the earlier suit . . . (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." Mpoyo v. Litton Electro-Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005) (quoting Sidhu v. Flecto Co., 279 F.3d 896, 900 (9th Cir. 2002)). The crux of the motions is whether there is identity between the claims. In resolving this dispute, the Court examines four criteria, which are not applied mechanistically: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions. Chao v. A-One Med. Servs., Inc., 346 F.3d 908, 921 (9th Cir. 2003). The most important factor is the transactional nucleus of facts. Mpoyo, 430 F.3d at 987. "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." Id. (quotation omitted).

The collection action default judgment does not bar Plaintiff's state law claims. First, the facts alleged here by Plaintiff arise out of different, though related transactional facts. Chao, 346 F.3d at 921. The conduct Defendants are alleged to have pursued started over one

year after judgment was entered in the collection action. Plaintiff's present claims rely on facts that did not exist and which could not have been litigated in the collection action. The lack of overlap in transactional facts weighs strongly against applying res judicata. See Mpoyo, 430 F.3d at 987. Second, the rights established by the collection action may be impaired by the present action. Chao, 346 F.3d at 921. This weighs in favor of applying res judicata. Third, the rights Plaintiff now seeks to vindicate are distinct from those at play in the collection action. Id. The rights here arise out of Plaintiff's tort and statutory rights, rather than the contractual rights at issue in the collection action. Fourth, the present claims are based on new facts which occurred after the default judgment was entered. Id. Considering these factors, especially the difference in transactional facts, the Court finds that res judicata is not properly applied to Plaintiff's state law claims. The Court notes that there is a final adjudication in the collection action and that there is privity between the parties. Without claims identity, res judicata, however, does not apply. Mpoyo, 430 F.3d at 987.

Defendants' argument that Plaintiff's claims were compulsory counterclaims to the collection action that are now barred from being asserted is incorrect. (Dkt. No. 12 at 12-14.) Whether a plaintiff's claims should have been pled in a prior state court action as compulsory counterclaims is a question of state law. Pochiro v. Prudential Ins. Co. of Am., 827 F.2d 1246, 1249 (9th Cir. 1987). Under Washington law, compulsory counterclaims are barred in later litigation if they "arise out of the transaction or occurrence that is the subject matter of the opposing party's claim. . . ." Wash. Sup. Ct. Civ. R. 13(a). As explained above, Plaintiff's state law claims arise out of facts that occurred over one year <u>after</u> the judgment was entered in the collection action. Plaintiff simply could not have asserted these later-arising claims as counterclaims to the collection action. While a claim that Defendants abused the legal process in the original collection action likely would have been a compulsory counterclaim, Plaintiff's current abuse of process claim relates only to the subsequent garnishment writs and

declarations which commenced one year after the default judgment was entered. Defendants are not entitled to relief on this theory.

The small claims action does not serve as a bar to Plaintiff's claims under the doctrine of res judicata. First, as to claims identity, the Court finds that the transactional nuclei of facts are not overlapping. <u>Chao</u>, 346 F.3d at 921. Plaintiff sued Isaac Hammer and Suttell $4,000 for "lost wages and failure to respond requests." (Dkt. No. 12 at 32.) Here, however, he seeks damages in well in excess of $4,000 for a set of transactions, described above, that do not appear to have any overlap with this very limited small claim, lacking in any factual clarity. Second, the rights established in the small claims dismissal would not be destroyed by a second action, given that Plaintiff is not seeking relief for the same apparent harm. Third, the rights at issue are distinct. In the small claims, Plaintiff sought lost wages, but he now pursues distinct remedies that are unrelated to lost wages or any contractual damages. <u>See, e.g.</u>, <u>Mpoyo</u>, 430 F.3d at 987 (finding no identity in rights asserted under Title VII and those asserted under the FMLA and FLSA, even though they shared the same core transactional facts). Fourth, the Court cannot determine what facts were at play in the small claims action sufficient to draw a clear conclusion. Only by construing the facts against Plaintiff can the Court find that the cases share an identity of claims. The Court finds a lack of claims identity. The Court notes that there was an adjudication on the merits given the dismissal with prejudice and that there was privity as to Suttell. (<u>See</u> Dkt. No. 13 at 6); <u>Hells Canyon Pres. Council v. U.S. Forest Serv.</u>, 403 F.3d 683, 686 (9th Cir. 2005) ("Final judgment on the merits is synonymous with dismissal with prejudice." (internal quotations omitted)). However, because there must also be claims identity for res judicata to apply, the Court DENIES Defendants' motion. <u>Mpoyo</u>, 430 F.3d at 987.

Because res judicata does not bar Plaintiff's state law claims, the Court does not reach the question of whether it should accord full faith and credit to the default judgment entered in the collection action.

C.  Statute of Limitations

Defendants contend that Plaintiff's FDCPA claim is barred by the statute of limitations. The Court disagrees.

Under the FDCPA, "[a]n action to enforce [the Act] . . . may be brought . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The statute of limitations starts to run from the defendant's "'last opportunity to comply with the [Act].'" Naas v. Stolman, 130 F.3d 892, 893 (9th Cir. 1997) (quoting Mattson v. U.S. West Commc'ns, 967 F.2d 259, 261 (8th Cir. 1992)). The filing of a writ of garnishment is a "legal action on a debt" which starts the statute of limitations. Fox v. Citicorp Credit Servs., Inc., 15 F.3d 1507, 1515 (9th Cir. 1994) (quoting 15 U.S.C. § 1692i). The Ninth Circuit has recently held that the discovery rule applies to FDCPA claims. Mangum v. Action Collection Serv., Inc., 575 F.3d 935, 941 (9th Cir. 2009).

As framed by Plaintiff, his FDCPA claim applies only to the June 2009 garnishment which occurred roughly three months before Plaintiff filed this action. (Dkt. No. 19 at 22.) Plaintiff has thus alleged that Defendants' last opportunity to comply with the Act was within one year of filing the complaint. This claim is not barred by the statute of limitations. The Court does not address whether Plaintiff can satisfy the statute of limitations as to the earlier garnishments because Plaintiff has limited his FDCPA claim to the June 2009 garnishment. (Dkt. No. 19 at 22.) Contrary to Defendants' position, nothing in the language of the FDCPA suggests that the statute of limitations runs from the first possible violation and encompasses all later-occurring and distinct violations of the Act. Rather, the Act states that a plaintiff may file an action for any violation of the Act which occurs within one year of filing the complaint. That Plaintiff did not file an FDCPA claim for every garnishment outside the June 2009 garnishment is not fatal to his present claim. Plaintiff may pursue his FDCPA claim for the distinct violation of the Act that he alleges occurred in June 2009. The Court DENIES Defendants' motion.

D. <u>Colorado River</u>

Invoking <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 816 (1976), Defendants request that the Court stay this matter until the Washington Court of Appeals decides Plaintiff's pending appeal in the collection action. The Court does not find that "exceptional circumstances" exist to warrant application of the doctrine. <u>Id.</u> at 813.

"Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . .'" <u>Colorado River</u>, 424 U.S. at 817 (quoting <u>McClellan v. Carland</u>, 217 U.S. 268, 282 (1910)). Eight relevant factors guide the Court's determination of whether to stay the case under <u>Colorado River</u>. The Supreme Court announced six factors: (1) whether either court has assumed jurisdiction over a res; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls and (6) whether the state proceeding is adequate to protect the parties' rights. See <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 25-26 (1983). The Ninth Circuit has added two additional factors: (1) whether there is a parallel state proceeding, and (2) whether the second suit "is an attempt to forum shop or avoid adverse rulings by the state court." <u>Nakash v. Marciano</u>, 882 F.2d 1411, 1416-17 (9th Cir. 1989). "These factors are to be applied in a pragmatic and flexible way, as part of a balancing process rather than as a mechanical checklist." <u>American Int'l Underwriters, (Phillipines), Inc. v. Cont'l Ins. Co.</u>, 843 F.2d 1253, 1257 (9th Cir. 1988) (quotation omitted).

The Court finds that the factors weigh against a stay. Defendants have conceded that the forums are equally convenient and no res is at issue here. However, Defendants argue that a stay is necessary to avoid forum shopping and piecemeal litigation. (Dkt. No. 12 at 17.) Defendants' view of the case before this Court is overly simplistic. Plaintiff asserts five claims arising out of different facts than those at issue before the Court of Appeals. While they are

related to the dispute, they are independent and not merely "spin-off" claims. See Nakash, 882 F.2d at 1417 (holding that a federal action was just a spin-off where the only difference in the suits was the absence of all corporate parties). Defendants' claim that Plaintiff is forum-shopping rings hollow, since Defendants removed this action from King County Superior Court. The matter before this Court involves different claims and rights that are not merely Plaintiff's attempt to avoid an adverse state court judgment. This case also involves a federal law claim, which weighs heavily against abstention. See Moses Cone, 460 U.S. at 23. The Court notes that there is no truly parallel state proceeding and there is no question as to the adequacy of the state appellate court's ability to hear Plaintiff's appeal. Having considered the eight relevant factors, the Court finds no exceptional circumstances exist to justify the application of the Colorado River doctrine. The Court DENIES Defendants' request for a stay.

**Conclusion**

Res judicata does not bar Plaintiff's state law claims, which involve claims and rights that could not have been asserted in the collection and small claims actions. Because res judicata is not a bar, the Court does not consider Plaintiff's full faith and credit argument. Plaintiffs' FDCPA claim is not barred by the statute of limitations, because it was filed within one year of the claimed violation of the Act. Given the lack of exceptional circumstances, a stay under the Colorado River doctrine is not warranted. Defendants' motions are DENIED.

The Clerk shall transmit a copy of this Order to all counsel of record.

Dated this 22nd day of December, 2009.

Marsha J. Pechman
United States District Judge